UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00165-BLW-2 |
| Plaintiff, | **REPORT AND** |
| v. | **RECOMMENDATION** |
| CHARMEN KAY BINGHAM aka CHARMEN KAY EAGLE, | |
| Defendant. | |

On October 16, 2018, Defendant Charmen Kay Bingham appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 54). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the

**REPORT AND RECOMMENDATION - 1**

consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant was arrested in Idaho, and had her initial appearance and arraignment before the Court on the Indictment on May 11, 2018. The Government sought detention, but later withdrew its motion. (Dkt. 10, 22.) Defendant was released upon her own personal recognizance subject to stringent conditions of release, which included location monitoring, curfew, and random testing for prohibited substances. (Dkt. 22, 29.)

Since her initial appearance on May 11, 2018, the Defendant has complied with all conditions of pretrial release. Pretrial Services requested modification of the conditions of release on June 26, 2018, seeking removal of the conditions requiring location monitoring and curfew. The Government and defense counsel agreed to the proposed modifications. The Court approved the modifications to Defendant's pretrial release conditions on June 27, 2018. Since the Defendant's release, she has participated in testing for substance

**REPORT AND RECOMMENDATION - 2**

abuse and has not tested positive for any controlled substances not prescribed to her. She has been filling her prescription opiate medication appropriately, and she has notified the probation officer when she fills her medication as directed. Further, the Defendant has maintained contact with the probation officer as directed.

According to the Government, it has no objection to the Court finding exceptional reasons to continue Defendant's release. The Government is not aware of any facts suggesting Defendant poses an enhanced risk of flight or danger to the community at this time. The pretrial status report indicates Defendant is in compliance with all conditions of release, and Pretrial Services has recommended that Defendant's conditions of pretrial supervision remain unchanged.

According to the Defendant's proffer, Defendant has numerous health issues for which she needs ongoing care and treatment. She recently underwent surgery on May 22, 2018, and she has scheduled foot surgery for October 26, 2018. Because of her health issues and her impending foot surgery, she requires the care and support of her husband, with whom she is residing. The Defendant requires also monitoring of her prescription opiate medication.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption in the course of treatment of Defendant's multiple health issues that would occur with detention pending imposition of sentencing, and upon finding Defendant is unlikely to flee or pose a danger to the community if release is continued, the Court will recommend release be continued under

**REPORT AND RECOMMENDATION - 3**

the conditions previously imposed. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## **RECOMMENDATION**

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)      The District Court accept Defendant Charmen Kay Bingham's plea of guilty to Count 1 of the Indictment (Dkt. 1),

2)      The District Court order forfeiture consistent with Defendant Charmen Kay Bingham 's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 54), and

3)      The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release (Dkt. 29).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: October 16, 2018

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION - 4**